1   Susan K. Stahlfeld
    Adam G. Hughes
2   Miller Nash LLP
    601 Union Street, Suite 4400
3   Seattle, WA 98101-2352
    Telephone: (206) 622-8484
4

5

6

7

8               UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF WASHINGTON
9                    AT SPOKANE

10  ELIZABETH BERKERS, an individual,

11          Plaintiff,                        Civil No.

12      v.                                    NOTICE OF REMOVAL

13  RITE AID CORPORATION, a
    Delaware corporation, THRIFTY
14  PAYLESS, INC., a California
    corporation,
15
            Defendants.
16

17

18  TO:  The Honorable Judges of the United States District Court for the Eastern
         District of Washington at Spokane
19

20          Defendants Rite Aid Corporation and Thrifty Payless, Inc. (hereafter

21  "Rite Aid" or "Defendants"), by and through their attorneys, Adam G. Hughes, and

22  Miller Nash LLP, respectfully state as follows:

23          1.   Defendants hereby exercises their rights under 28 U.S.C.

24  §§ 1441 *et seq.* to remove this action from the Superior Court for Spokane County,

25  in which the case is now pending as Elizabeth Berkers v. Rite Aid Corporation,

26  et al, Cause No. 2010-02-01647-8.

NOTICE OF REMOVAL - 1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON  98101-2352

SEADOCS:419350.1

1          2.      This is a civil action in which plaintiff Elizabeth Berkers, asserts

2    claims against Rite Aid for violation of state and federal laws for disability

3    discrimination, sexual harassment / hostile work environment, wrongful discharge in

4    violation of public policy, negligent or intentional infliction of emotional distress,

5    violation of Washington's consumer protection act, COBRA violations, and wage

6    and hour law violations.  Plaintiff has not stated a specific amount of damages in her

7    complaint, but plaintiff seeks: (1) general non-economic damages, including loss of

8    enjoyment of life, mental and emotional distress, and loss of consortium; (2) special

9    and economic damages for loss of past and future earnings, wages, pensions,

10   benefits and other out of pocket economic losses; (3) treble damages under

11   RCW 19.86 et seq.; (3) attorney fees and costs; and (4) pre-judgment and post-

12   judgment interest.  Complaint at pp. 16-17.  Prior to serving and filing her lawsuit,

13   plaintiff stated affirmatively that if she pursued her claims in court, she would seek

14   damages far in excess of $75,000.

15          3.      Plaintiff is a resident of the State of Washington.  Complaint at

16   ¶ 1.1.

17          4.      Rite Aid Corporation is a Delaware corporation with its

18   principal place of business in Pennsylvania, and Thrifty Payless, Inc. is a

19   California corporation with its principal place of business in California.  28 U.S.C.

20   § 1332 (c)(1).

21          5.      This court has jurisdiction because of diversity of citizenship

22   with a demand for damages that is reasonably construed to exceed $75,000.

23   28 U.S.C. § 1332.  This court also has jurisdiction pursuant to 28 U.S.C. § 1331

24   because plaintiff has asserted claims based upon federal law.

25          6.      Rite Aid removes this action to this court pursuant to 28 U.S.C.

26   § 1441(a).  Defendants, by exercising their right to remove this action, do not

NOTICE OF REMOVAL - 2

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON  98101-2352

SEADOCS:419350.1

1    waive any of its objections or defenses.

2    7.    Plaintiff's complaint was filed in state court on or about

3    April 26, 2010, and was served on Rite Aid on or about March 31, 2010.    In

4    accordance with the requirements of 28 U.S.C. § 1446, this Notice of Removal is

5    filed within 30 days of the receipt of the complaint.

6    8.    Also in accordance with the requirements of 28 U.S.C. § 1446,

7    attached hereto as **Exhibit 1** are true and correct copies of the Case Assignment

8    Notice, summons, and complaint from the state court action.    Rite Aid will file a

9    verified copy of all additional state court pleadings within 10 business days.

10    9.    Venue is proper in this district pursuant to 28 U.S.C. § 1391

11    because plaintiff's claims allegedly arose in Spokane County, Washington.

12    10.    Written notice of the filing of this Notice of Removal will be

13    filed with the court clerk of the Superior Court of Washington for Spokane County

14    and provided to plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

15    WHEREFORE, defendants request that the above-entitled action be

16    removed from the Superior Court of Washington for Spokane County to the United

17    States District Court for the Eastern District of Washington at Spokane.

18    DATED this 28th day of April 2010.

19

20    Susan K. Stahlfeld, WSB No. 22003
      susan.stahlfeld@millernash.com
21    Adam G. Hughes, WSB No. 34438
      adam.hughes@millernash.com
22    Miller Nash LLP
      601 Union Street, Ste. 4400
23    Seattle, WA  98101
      Telephone: (206) 622-8484
24    Fax: (206) 622-7485
25
26    Attorneys for Defendants

NOTICE OF REMOVAL - 3

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

SEADOCS:419350.1

1    I hereby certify that on April 28, 2010, I electronically filed the

2    foregoing Notice of Removal with the Clerk of the Court using the CM/ECF

3    System and served the foregoing Notice of Removal on:

4
         Eowen S. Rosentrater
5        Law Office of Eowen S. Rosentrater, PLLC
         19 W. Pacific Avenue
6        PO Box 31522
         Spokane, WA 99223-3025
7        FAX # (509) 271-3432
         erosentrater@gmail.com
8
                     Attorneys for Plaintiff
9
10   by e-mailing a true and correct copy to erosentrater@gmail.com and mailing via

11   United States Postal Service a true and correct copy to Ms. Rosentrater's last

12   known address as shown above on the date set forth below.

13          Under the laws of the state of Washington, the undersigned hereby

14   declares, under the penalty of perjury, that the foregoing statements are true and

15   correct to the best of my knowledge.

16          Executed at Seattle, Washington, this 28th day of April, 2010.

17

18                                 s/Adam G. Hughes
                                   _____
19                                 Adam G. Hughes, WSB No. 34438
                                   Miller Nash LLP
20                                 601 Union Street, Suite 4400
                                   Seattle, WA  98101-2352
21                                 Telephone: (206) 622-8484
                                   Fax: (206) 622-7585
22                                 adam.hughes@millernash.com
23
24                                 Of Attorneys for Defendants
25
26
Certificate of Service

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON  98101-2352

SEADOCS:419350.1

4

| (Copy Receipt) | Clerk's Date Stamp |
|---|---|



**SUPERIOR COURT OF WASHINGTON**

**COUNTY OF SPOKANE**

ELIZABETH BERKERS

**Plaintiff(s)/Petitioner(s),**

**vs.**

RITE AID CORPORATION

**Defendant(s)/Respondent(s).**

**JUDGE KATHLEEN M. O'CONNOR 92**

**CASE NO.** 2010-02-01647-8

**CASE ASSIGNMENT
NOTICE AND ORDER (NTAS)**

**CASE STATUS CONFERENCE DATE:**
AUGUST 6, 2010 AT 8:30 AM

## ORDER

YOU ARE HEREBY NOTIFIED that this case is preassigned for all further proceedings to the judge noted above.   **You are required to attend a Case Status Conference before your assigned judge on the date also noted above.   The Joint Case Status Report must be completed and brought to the Status Conference. A Case Schedule Order, with the trial date, will be issued at the Status Conference.**

Under the individual calendar system, the court will operate on a four-day trial week.  Trials will commence on Monday, Tuesday, Wednesday or Thursday.  Motion Calendars are held on Friday.  All motions, other than ex parte motions, must be scheduled with the assigned judge.  Counsel must contact the assigned court to schedule motions and working copies of all motion pleadings must be provided to the assigned court at the time of filing with the Clerk of Court.  Pursuant to LCR 40 (b) (10), motions must be confirmed no later than 12:00 noon two days before the hearing by notifying the judicial assistant for the assigned judge.

Please contact the assigned court to schedule matters regarding this case.  You may contact the assigned court by phone, court department e-mail or through the Spokane County Superior Court web page at  **http://www.spokanecounty.org/superiorcourt**

DATED:  04/26/2010

MARYANN C. MORENO
PRESIDING JUDGE

**NOTICE:  The plaintiff shall serve a copy of the Case Assignment Notice on the defendant(s).**

| CASE ASSIGNMENT NOTICE | LAR 0.4.1(b)   (4/2001)   Rpt032 | Page 1 of 1 |
|---|---|---|

5



COPY
ORIGINAL FILED

APR 26 2010

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

1

2

3

4

5

6

7

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

8

9   ELIZABETH BERKERS, an individual,

                                    Plaintiff,       No.  10201647-8

10

11      vs.                                          SUMMONS

12  RITE AID CORPORATION, a Delaware
    corporation, THRIFTY PAYLESS, Inc., a
13  California corporation,

                                    Defendants.

14

15      TO DEFENDANTS RITE AID CORPORATION and THRIFTY PAYLESS, Inc.: A

16  lawsuit has been started against you in the above-entitled Court by Elizabeth A. Berkers, Plaintiff.

17  Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you with this

18

19  Summons.

20      In order to defend against this lawsuit, you must respond to the Complaint by stating your

21  defense in writing, and by serving a copy upon the person signing this Summons within twenty (20)

22  days after the service of this Summons, (or within 60 days, after the service of this summons, if you

23  were served outside of the State of Washington) excluding the day of service, or a default judgment may

24
    be entered against you without notice.  A default judgment is one where plaintiff is entitled to what he
25
    asks for because you have not responded.  If you serve a notice of appearance on the undersigned
26

SUMMONS                                         LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
PAGE 1                                              19 W. Pacific Ave.       P.O. Box 31522
                                                        Spokane, WA 99223-3025
                                                           (509) 868-5389 (T)
                                                           (509) 271-3432 (F)

1    must be in writing and must be served upon the person signing this Summons.  Within 14 days after you

2    serve the demand, the plaintiff must file this lawsuit with the Court, or the service on you of this

3    Summons and Complaint will be void.

4
     If you wish to seek the advice of an attorney in this matter, you should do so promptly so that
5
     your written response, if any, may be served on time.
6

7    This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of

8    Washington.

9

10   DATED this 24th day of March, 2010.

11

12

13   EOWEN S. ROSENTRATER, WSBA No. 36744
     Law Office of Eowen S. Rosentrater, PLLC
14   *Attorney for Plaintiff, Elizabeth Berkers*

15

16

17

18

19

20

21

22

23

24

25

26

SUMMONS
PAGE 2

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
19  W.  Pacific Ave.        P.O. Box 31522
Spokane, WA  99223-3025
(509) 868-5389 (T)
(509) 271-3432 (F)

COPY
ORIGINAL FILED

APR 2 6 2010

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

ELIZABETH BERKERS, an individual,

                        Plaintiff,

vs.

RITE AID CORPORATION, a Delaware
corporation, THRIFTY PAYLESS, INC., a
California corporation,

                        Defendants.

No. **10201647-8**

COMPLAINT FOR DAMAGES

Elizabeth Berkers, by and through her attorney of record, Eowen S. Rosentrater, appears and states by way of Complaint the following:

## I. PARTIES, JURISDICTION AND VENUE

    1.1    Plaintiff Elizabeth Berkers is, and at all relevant times hereto, has been a married woman and a resident of Spokane County, Washington. Ms. Berkers has satisfied all conditions precedent to the maintenance of this suit.

    1.2    Rite Aid Corporation is a Delaware corporation and Thrifty Payless, Inc. is a California corporation, hereinafter collectively referred to as "Rite Aid," both of which are licensed to conduct and are conducting business in the State of Washington.

    1.3    All actions and omissions giving rise to Ms. Berker's claims took place in Spokane County, Washington. Jurisdiction and venue are appropriate in this Court.

COMPLAINT
PAGE 1

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
19 W. Pacific Ave.    P.O. Box 31522
Spokane, WA 99223-3025
(509) 868-5389 (T)
(509) 271-3432 (F)

## II. FACTS

2.1    Ms. Berkers was employed with Rite Aid in Spokane, Washington for approximately twenty-five years. Of those twenty five years, Ms. Berkers was employed fifteen years as a pharmacy technician for Rite Aid.

2.2    On or about July 1, 2008, Ms. Berkers was offered a position at the Franklin Park Rite Aid store in Spokane.

2.3    While the job required a transfer from the Shadle Park Rite Aid store, it also offered regular hours, working Monday through Friday from 9:00 a.m. to 5:00 p.m., as opposed to the irregular shifts Ms. Berkers had previously been working.

2.4    Ms. Berkers accepted the transfer to the Franklin Park Rite Aid on or about July 1, 2008.

2.5    On Ms. Berkers' first day at the Franklin Park Rite Aid, Ms. Berkers was warned by a fellow pharmacy technician to "watch out" because "if they don't like you, you won't have a job."

2.6    Ms. Berkers learned that she was replacing another employee who "they did not like" and who, subsequently, was transferred out of the Franklin Park store as a result.

2.7    On her first day at the Franklin Park Rite Aid, Ms. Berkers was instructed and encouraged by her immediate supervisor, Laina Hill, to say the words "fuck you" in front of a group of pharmacy staff co-workers. Ms. Hill stated, "that's the way we talk around here."

2.8    Ms. Berkers was ashamed but felt forced to comply and spoke the words, as she was instructed, in front of a group of people she had just met.

2.9    The pressure to comply with the offensive language continued through the next year of Ms. Berkers' employment at the Franklin Park Rite Aid store.

2.10    In addition, a younger, male co-worker, Josh Klein, began physically and verbally harassing Ms. Berkers.

COMPLAINT
PAGE 2

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
19 W. Pacific Ave.    P.O. Box 31522
Spokane, WA 99223-3025
(509) 868-5389 (T)
(509) 271-3432 (F)

2.11    Mr. Klein the young male co-worker's verbal and physical conduct was encouraged by Ms. Berkers' co-workers and supervisors, including Laina Hill, Ms. Berkers' immediate supervisor.

2.12    The Mr. Klein began repeatedly poking Ms. Berkers in the ribs, touching her ears and blowing on her neck when he was near or walked by Ms. Berkers while on shift.

2.13    Mr. Klein continually referred to Ms. Berkers' behind as her "rump roast" and repeatedly made comments and references about Ms. Berkers' buttocks as he called it a "rump roast."

2.14    Mr. Klein often used offensive, sexually oriented language to harass and embarrass Ms. Berkers.

2.15    Mr. Klein frequently sent dirty images and text messages to the store managers.

2.16    In an attempt to embarrass Ms. Berkers and involve her in his inappropriate conduct, Mr. Klein would show the images or read the texts aloud to Ms. Berkers and tell her to watch the recipient manager's faces as they read the text or looked at the image.

2.17    Mr. Klein was never disciplined for this conduct.

2.18    On another occasion, Mr. Klein asked if Ms. Berkers had ever done a "blumpkin."

2.19    Ms. Berkers did not know what a "blumpkin" was and did not know how to respond to her co-worker.

2.20    Other employees and Ms. Berkers' supervisors, including Laina Hill, egged the male co-worker on, encouraged him to continue his harassing and embarrassing questions to Ms. Berkers about a "blumpkin."

2.21    Ms. Berkers expressed that she was uncomfortable, however, the supervisors and the co-workers were relentless.

2.22    In an effort to halt the pressure and harassment, Ms. Berkers finally replied that yes, she had done a "blumpkin."

COMPLAINT
PAGE 3

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
19  W.  Pacific Ave.          P.O. Box 31522
Spokane, WA  99223-3025
(509) 868-5389 (T)
(509) 271-3432 (F)

2.23    After Ms. Berkers "admitted" that she had performed a "blumpkin," Ms. Hill and the male co-worker proceeded to laugh and tell the rest of the staff on shift that Ms. Berkers had performed a "blumpkin."

2.24    This resulted in the remainder of the staff, including Ms. Berkers' supervisors, making fun of and humiliating Ms. Berkers for the remainder of the day.

2.25    Much to Ms. Berkers' embarrassment and humiliation, she was later crudely told by a co-worker that a "blumpkin" refers to the act of giving someone a "blow job" (oral sex) while they are "taking a shit."

2.26    Ms. Berkers does not speak in that way, does not act in that way and was completely mortified and humiliated by the reference and description.

2.27    Over the course of the year at the Franklin Park Rite Aid, Ms. Berker's repeatedly asked Josh Klein to stop his physical and verbal conduct.

2.28    Over the course of the year at the Franklin Park Rite Aid, Ms. Berkers repeatedly complained to Ms. Hill and Troy Kerr, the store manager, about the conduct of Josh Klein and expressed that she was uncomfortable with Mr. Klein's conduct toward her and, generally, in the workplace.

2.29    Any complaint about Mr. Klein's conduct resulted in instant ostracization of Ms. Berkers by other co-workers, supervisors and managers, which would last for up to a week.

2.30    The complaints would not result in disciplinary action against Mr. Klein and his conduct did not stop.

2.31    The male co-worker's conduct was not addressed.

2.32    The male co-worker's physical and verbal conduct was encouraged by other co-workers and by Laina Hill, Ms. Berkers' immediate supervisor.

COMPLAINT
PAGE 4

2.33    Ms. Berkers made it known to her supervisors that she felt Mr. Klein's conduct was sexual harassment and was unacceptable.

2.34    However, the more Ms. Berkers complained to her supervisors about Mr. Klein's conduct, the more encouragement the co-worker was given by Ms. Hill and other employees.

2.35    Ms. Hill and the male co-worker are good friends outside of the workplace and Ms. Hill continually supported the male co-worker in his offensive conduct and offensive language and harassment of Ms. Berkers.

2.36    Ultimately, Ms. Berkers grew tired of the requirement that she endure the harassment to "fit in" so that she could keep her job.

2.37    After the "blumpkin" conversation and humiliation, Ms. Berkers refused to participate in any way in the humiliating, offensive banter that was a daily occurrence at the Franklin Park Rite Aid.

2.38    Ms. Berkers began vehemently and continually reporting all conduct, including past offensive and harassing conduct to the store manager, the district manager and every supervisor above her who she was aware of.

2.39    On approximately September 16, 2009, this hostile conduct came to a head when another employee, Shawn, yelled at Ms. Berkers in front of the pharmacy employees and customers.

2.40    On approximately September 16, 2009, Shawn approached Ms. Berkers, stood very close to Ms. Berkers and, towering over her with his 6'2", large frame, yelled at Ms. Berkers telling her that she "makes everyone's life miserable."

2.41    Ms. Berkers was alarmed, shaken and emotionally distraught after Shawn's outburst and asked the assistant manager, Kathie, if she could go home.

2.42    Ms. Berkers was given permission to go home by a supervisor but later that day was called back to the store by Ms. Laina Hill.

COMPLAINT
PAGE 5

2.43    In approximately September 2009, after Ms. Berkers was verbally attacked by Shawn, Ms. Berkers contacted the regional human resources manager, Jimmy Gonzalez, to report the conduct and harassment that Ms. Berkers had been required to endure for nearly a year.

2.44    Immediately after Ms. Berkers made her report to Mr. Gonzalez, all of the pharmacy staff and store supervisors became openly angry and hostile toward Ms. Berkers.

2.45    Immediately after Ms. Berkers made her report to Mr. Gonzalez, all of the pharmacy staff and store supervisors began to retaliate against and ostracize Ms. Berkers as a direct result of Ms. Berkers' report to Mr. Gonzalez.

2.46    As a direct result of Ms. Berkers' report to Mr. Gonzalez, the entire pharmacy staff began to leave Ms. Berkers out of conversations, began ostentatiously gathering together in aisles of the store, whispering and looking at Ms. Berkers while she was working.

2.47    In continued retaliation to Ms. Berkers' report to Jimmy Gonzalez and Ms. Berkers refusal to continue to endure the harassment, Laina Hill informed Ms. Berkers that Ms. Berkers was going to get written up for walking out and suspended for three days.

2.48    In continued retaliation to Ms. Berkers' report to Mr. Gonzalez and Ms. Berkers refusal to continue to endure the harassment, Laina Hill also informed Ms. Berkers that other supervisors, particularly the store manager, Troy Kerr, wanted Ms. Berkers to be fired.

2.49    Ms. Berkers had never, in her twenty-five year employment history with Rite Aid, been written up or otherwise disciplined for any conduct.

2.50    This disciplinary action just added force and support to the hostility of the staff toward Ms. Berkers and was clearly in direct retaliation for Ms. Berkers refusing to continue to endure the ongoing sexual harassment.

COMPLAINT
PAGE 6

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
19  W.  Pacific Ave.        P.O. Box 31522
Spokane, WA 99223-3025
(509) 868-5389 (T)
(509) 271-3432 (F)

2.51    When Ms. Berkers returned to work after the three day suspension, none of Ms. Berkers co-workers would speak with her, a supervisor, Laura, slammed a door in Ms. Berkers' face and refused to answer any of Ms. Berkers' questions.

2.52    Supervisor Laura also acted rudely toward Ms. Berkers, openly showing anger and hostility toward her in front of customers when Ms. Berkers needed Laura to do a void and return.

2.53    Other staff members continually refused to speak to Ms. Berkers, making it clear that they were deliberately refusing to respond to her questions and comments and continually glared at Ms. Berkers.

2.54    In further hostility and retaliation, during her suspension, Ms. Berkers' co-workers had posted "raptor" cards in the break room for the male co-worker who had been harassing Ms. Berkers.

2.55    The "raptor" cards are part of a corporate policy whereby employees can post positive statements about co-workers in a public forum.

2.56    These newly posted "raptor" cards indicated support for the male co-worker and his behavior, saying things such as "you are so much fun to have around" and making it clear to Ms. Berkers that the employees and supervisors did not support her reports of Mr. Klein's continued harassment and added to the hostility of the work environment.

2.57    After Ms. Berkers' return to work, Mr. Gonzalez called the store to interview Shawn about the incidents involving Mr. Josh Klein and Shawn.

2.58    Shawn stood in front of the pharmacy staff, including Ms. Berkers, and responded to the interview questions for forty-five minutes.

2.59    During that call, Shawn reported to Mr. Gonzalez, the human resources representative that Ms. Berkers was insubordinate.

COMPLAINT
PAGE 7

2.60   After the call, Mr. Klein, Shawn, Troy Kerr, the manager, and Laura, another supervisor, stood in a nearby aisle, just out of earshot, but nevertheless talking and looking obviously and repeatedly at Ms. Berkers.

2.61   Their continued retaliation made Ms. Berkers uncomfortable and added to the unwelcome, hostile environment.

2.62   In a subsequent conversation with Mr. Gonzalez, Mr. Gonzalez told Ms. Berkers that she brought the sexual harassment on herself and further identified Ms. Berkers as the insubordinate employee.

2.63   The supervisors in the chain of command of the Franklin Park Rite Aid have made it clear that Ms. Berkers' endurance of sexual intimidation is a term or condition of her employment at Rite Aid.

2.64   The group, including Ms. Hill and other co-workers, have made it clear that Ms. Berkers is not welcome at the store.

2.65   The open hostility and lack of support by any supervisors have made it impossible for Ms. Berkers to return to work at Rite Aid.

2.66   On Ms. Berkers' last day at work at Rite Aid, the hostility of the environment was recognized and noted by the Franklin Park Rite Aid's assistant manager, Kathy.

2.67   Kathy remarked to Ms. Berkers that she was "really sorry" and that she knew what Ms. Berkers had been "going through back there [in the pharmacy]."

2.68   No supervisors made any effort to correct the hostile work environment, despite their direct knowledge of the conditions Ms. Berkers had been subjected to while at work.

2.69   On approximately September 22, 2009, Ms. Berkers formally requested that she be transferred to another store.

COMPLAINT
PAGE 8

15

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
19 W. Pacific Ave.       P.O. Box 31522
Spokane, WA 99223-3025
(509) 868-5389 (T)
(509) 271-3432 (F)

2.70    Ms. Berkers was told by Mr. Gonzalez that a transfer would not occur and was not approved.

2.71    Ms. Berkers has since learned that even transfer would not cure the intolerable work environment because Laina Hill, Mr. Klein and other employees have spoken with both managers and staff at other Rite Aid stores in Spokane and have made disparaging, humiliating, false and retaliatory statements about Ms. Berkers.

2.72    In fact, Ms. Berkers has heard from employees at other stores that Ms. Hill has said, Rite Aid "will not transfer their problems" especially, "a bitch like Beth [Ms. Berkers]."

2.73    The lack of support of Ms. Berkers was also evident through supervisors' conduct aside from the sexual harassment.

2.74    In addition to the ongoing sexual harassment and open hostility toward Ms. Berkers at every level of store management, Ms. Berkers was on shift one morning at approximately 8:10 a.m. when the store was robbed by an armed assailant.

2.75    On the morning of April 29, 2009, Ms. Berkers was working in the pharmacy with Mona Armstrong, another pharmacy technician.

2.76    An armed man approached Mona and demanded all of the methadone in the pharmacy.

2.77    The man had a knife but from where Ms. Berkers stood, she believed he had a gun.

2.78    Ms. Berkers could not do anything to assist Mona and feared for both Mona's life and her own life.

2.79    This was the second time in her employment at Rite Aid that Ms. Berkers had found herself in a life-threatening situation while on shift where she could not protect herself or the employee working with her.

COMPLAINT
PAGE 9

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
19 W. Pacific Ave.      P.O. Box 31522
Spokane, WA 99223-3025
(509) 868-5389 (T)
(509) 271-3432 (F)

2.80    In approximately 1996, Ms. Berkers had been working the grave-yard shift and witnessed a cashier getting a gun put to her head during an armed robbery.

2.81    On both occasions, Ms. Berkers felt helpless to assist her co-worker and feared for both her own life and for her co-worker's life.

2.82    After the April 29, 2009 robbery, Ms. Berkers suffered from anxiety, fear, extreme sadness, low energy, panic attacks, intrusive thoughts and bad dreams.

2.83    Ms. Berkers was not sent home after the robbery but was required to finish her shift.

2.84    Immediately after the robbery, Ms. Berkers reported her anxiety to a supervisor and was given a 1-800 Rite Aid number to call for assistance.

2.85    Ms. Berkers did call the 1-800 number and had to leave a message.

2.86    No one returned Ms. Berkers' call and no follow up support was provided.

2.87    Ms. Berkers' anxiety, depression, bad dreams and panic attacks have continued.

2.88    As a direct result of the retaliation, open hostility and ostracization which has occurred due to Ms. Berkers' refusal to participate in the ongoing sexual harassment, Ms. Berkers had an emotional attack and was forced to see a counselor and psychiatrist.

2.89    Both a counselor and a treating psychiatrist have concluded that Ms. Berkers is suffering from Post Traumatic Stress Disorder and depression resulting from a knife-point robbery she witnessed at work at Rite Aid on April 29, 2009 and which was directly triggered, aggravated and contributed to by the hostile situation she is subjected to at work on a daily basis at the Franklin Park Rite Aid store.

2.90    Ms. Berkers' medical providers have concluded that Ms. Berkers is unable to return to work at Rite Aid or otherwise at this time due to the ongoing hostile situation and the impact of the hostile work environment on Ms. Berkers' emotional state and she has not been medically released to return to work.

COMPLAINT
PAGE 10

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
19 W. Pacific Ave.        P.O. Box 31522
Spokane, WA 99223-3025
(509) 868-5389 (T)
(509) 271-3432 (F)

17

2.91    After beginning her medical leave from work, Ms. Berkers' medical insurance benefits were instantly terminated by Rite Aid Corporation and remained terminated for the month of November 21, 2009 through December 21, 2009.

2.92    After beginning her medical leave from work, Ms. Berkers' wages were withheld for approximately two months, from September 24, 2009 through November 21, 2009. Those wages remain unpaid.

2.93    As a direct result of the robberies, sexual harassment and the hostile work environment at Rite Aid, Ms. Berkers has suffered and continues to suffer mental anguish, depression, anxiety, stress, symptoms of Post Traumatic Stress disorder, impacting her daily life and relationship with her husband and family.

2.94    As a direct result of the robberies, sexual harassment and the hostile work environment at Rite Aid, Ms. Berkers has suffered and continues to suffer economic and noneconomic damages, including but not limited to mental anguish, loss of enjoyment, loss of consortium, mental distress, lost wages, lost benefits, consequential damages and other general and special damages in amounts to be proven at trial.

### III.    CLAIM FOR HOSTILE WORK ENVIRONMENT AND SEXUAL HARASSMENT

3.1    Ms. Berkers realleges and incorporates paragraphs 1.1 thru 2.94 as if fully set forth herein.

3.2    State and federal law provide that hostile work environment sexual harassment is a violation of law.

3.3    State and federal law state provide sexual harassment includes verbal or physical conduct of a sexual nature where such comments or conduct have the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive work environment.

COMPLAINT
PAGE 11

3.4    Ms. Berkers did not solicit or invite the words and physical conduct of Mr. Klein or Ms. Hill.

3.5    Ms. Berkers was repeatedly subjected to both offensive, sexually-related comments as well as physical conduct such as poking and blowing on her neck and ears.

3.6    Ms. Berkers was repeatedly subjected to both the verbal and physical conduct in the presence of her supervisor, Ms. Hill.

3.7    Ms. Hill repeatedly encouraged the conduct of Mr. Klein because of her friendship with Mr. Klein outside of the workplace.

3.8    Ms. Berkers regarded the conduct as undesirable and offensive and informed her supervisor, Laina Hill that such conduct was undesirable.

3.9    The continual nature of the physical harassment and the vulgarity and daily occurrence of the verbal harassment created a hostile and abusive work environment.

3.10    Any attempt, if any, by Ms. Berkers to be playful or endure the ongoing harassment in an effort to improve relations with her hostile and threatening co-workers did not waive her legal protections against sexual harassment.

3.11    As a result of Rite Aid's conduct, Ms. Berkers has suffered injury in an amount to be proven at trial.

## IV.    CLAIM FOR WRONGFUL/CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY

4.1    Ms. Berkers realleges and incorporates paragraphs 1.1 thru 3.11 as if fully set forth herein.

4.2    State and federal law provides that an employer engages in wrongful discharge in violation of public policy where employees are fired for exercising a legal right or privilege.

4.3    State and federal law provides that an employer engages in wrongful discharge in violation of public policy where employees are fired for reporting employer misconduct.

COMPLAINT
PAGE 12

4.4    State and federal law provides that an employer engages in wrongful constructive discharge when it creates intolerable working conditions, forcing an employee to resign.

4.5    Ms. Berkers' complaints to managers, district managers and ultimately, corporate human resources manager, Mr. Gonzalez about the repeated, continual sexual harassment she was being forced to endure resulted in instant retaliation by Ms. Berkers' immediate supervisors and co-workers.

4.6    Ms. Berkers has a right to a work environment free from sexual harassment and hostility.

4.7    Ms. Berkers has been constructively terminated from her employment because she cannot withstand the open hostility and retaliation that she is subjected to at the Franklin Park Rite Aid as a direct result of her complaints to management.

4.8    Mr. Gonzalez, the human resources representative for Rite Aid, has indicated that Rite Aid is not going to fire Ms. Berkers and will not transfer Ms. Berkers to another store.

4.9    Rite Aid's constructive termination of Ms. Berkers' employment contravenes the clear mandate of public policy outlined by the law.

4.10    Rite Aid's conduct contravenes the letter and purpose of the law protecting an employee from a hostile work environment.

4.11    Rite Aid's constructive termination of Ms. Berkers' employment was a result of her report of employer misconduct.

4.12    Rite Aid's constructive termination of Ms. Berkers' employment was a result of her exercise of a legal right and/or privilege.

4.13    Rite Aid's constructive termination of Ms. Berkers was in retaliation for her opposing Rite Aid's unlawful conduct.

4.14    Discouraging the conduct in which Ms. Berkers engaged jeopardizes the public policy outlined by law.

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
19 W. Pacific Ave.    P.O. Box 31522
Spokane, WA  99223-3025
(509) 868-5389 (T)
(509) 271-3432 (F)

4.15   As a result of Rite Aid's conduct, Ms. Berkers has suffered economic and noneconomic injury in an amount to be proven at trial.

## V.   CLAIM FOR NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

5.1   Ms. Berkers realleges and incorporates paragraphs 1.1 thru 4.15 as if fully set forth herein.

5.2   Rite Aid engaged in negligent, intentional and/or reckless conduct toward Ms. Berkers that was extreme and outrageous.

5.3   As a direct and proximate result of Rite Aid's actions and/or omissions, Ms. Berkers has suffered extreme emotional distress and other damages in an amount to be proven at the time of trial.

## VI.   CLAIM FOR DISABILITY DISCRIMINATION IN VIOLATION OF STATE AND FEDERAL LAW

6.1   Ms. Berkers realleges and incorporates paragraphs 1.1 through 5.3 as if fully set forth herein.

6.2   By and through its managers, and Ms. Berkers' supervisors, Rite Aid was put on notice of Ms. Berkers' medical disability at the time of the robbery which occurred on approximately April 29, 2009.

6.3   Despite Ms. Berkers' requests for support for the trauma experienced during and after the robberies, Rite Aid failed to provide any follow up care, support or accommodation for Ms. Berkers.

6.4   Ms. Berkers' medical disability was ultimately diagnosed by her medical providers in approximately September 2009.

6.5   Ms. Berkers' medical providers' diagnosis of Ms. Berkers' medical disability, including the impact of the ongoing hostile work environment on Ms. Berkers' medical disability was communicated immediately to Rite Aid Corporation in approximately September 2009.

COMPLAINT
PAGE 14

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
19 W. Pacific Ave.      P.O. Box 31522
Spokane, WA 99223-3025
(509) 868-5389 (T)
(509) 271-3432 (F)

6.6    In approximately September 2009, vacant positions existed in Spokane, Washington Rite Aid stores, which Ms. Berkers could have filled and was qualified to fill.

6.7    Rite Aid failed to take affirmative measures to make such job opportunities known to Ms. Berkers.

6.8    Rite Aid failed to transfer Ms. Berkers' despite her formal request for a transfer to a different Spokane, Washington store.

6.8.    Rite Aid failed to accommodate Ms. Berkers' medical disability.

6.9    As a direct and proximate result of Rite Aid's actions and/or omissions, Ms. Berkers has suffered damages in an amount to be proven at the time of trial.

### VII. CLAIM FOR VIOLATION OF CONSUMER PROTECTION ACT

7.1    Ms. Berkers realleges and incorporates paragraphs 1.1 thru 6.9 as if fully set forth herein.

7.2    Rite Aid's conduct constitutes unfair or deceptive acts or practices, which have occurred in trade or commerce.

7.3    Rite Aid's acts or practices have had an impact on the public interest.

7.4    Rite Aid's acts or practices have caused injury to Ms. Berkers in her business or property.

7.5    As a result of Rite Aid's actions, Ms. Berkers has suffered injury in an amount to be proven at the time of trial.

### VIII. CLAIM FOR COBRA VIOLATIONS

8.1    Ms. Berkers realleges and incorporates paragraphs 1.1 thru 7.5 as if fully set forth herein.

8.2    Ms. Berkers began medical leave from her employment at Rite Aid on approximately September 24, 2009.

8.3    Upon information and belief, Ms. Berkers' medical benefits were terminated, without warning on approximately November 21, 2009.

COMPLAINT
PAGE 15

8.4    Ms. Berkers' employment with Rite Aid had not been terminated when her medical benefits were terminated.

8.5    Rite Aid's actions and omissions are a violation of state and federal law.

8.6    As a result of Rite Aid's actions and omissions, Ms. Berkers has been damaged in an amount to be determined at the time of trial.

## IX.    CLAIM FOR WAGE AND HOUR LAW VIOLATIONS

9.1    Ms. Berkers realleges and incorporates paragraphs 1.1 thru 8.6 as if fully set forth herein.

9.2    Ms. Berkers was an hourly employee of Rite Aid.

9.3    For the two months that Ms. Berkers was on medical leave, Rite Aid failed to pay Ms. Berkers her wages due, including without limitation overtime wages due.

9.4    Rite Aid's actions and omissions outlined herein were willful and with intent to deprive Ms. Berkers of wages Rite Aid was obligated to pay by statute, contract and otherwise.

9.5    Rite Aid's actions violate Washington law, including without limitation, RCW 49.46 et. seq.; RCW 49.48 et. seq.; RCW 49.52 et. seq.; WAC 296-126 et. seq.; WAC 296-128 et. seq.

9.6    As a result of Rite Aid's actions, Ms. Berkers has suffered damages in an amount to be proven at the time of trial.  This includes, without limitation, twice the amount of wages unlawfully withheld, attorney's fees and costs.

## X. DAMAGES

10.1    Plaintiff realleges and incorporates by reference the forgoing allegations as if fully set forth herein.

10.2    As a direct, proximate and foreseeable result of the wrongful actions, omissions and fault of Defendant, its agents, employees and representatives, Ms. Berkers has suffered general, non-economic

COMPLAINT
PAGE 16

23

damages, harms and losses, including but not limited to loss of enjoyment of life, mental and emotional distress, loss of consortium, and other general, non-economic damages.

10.3    As a direct, proximate and foreseeable result of the wrongful actions, omissions and fault of Defendant, its agents, employees and representatives, Ms. Berkers has suffered special, economic damages, harms and losses, including but not limited to loss of past and future earnings, wages, pensions, benefits and other out-of-pocket economic losses.

**WHEREFORE**, Plaintiff Elizabeth Berkers requests that the Court provide the following relief:

1.    For general, non-economic damages, harms and losses, including but not limited to loss of enjoyment of life, mental and emotional distress, loss of consortium, and other general, non-economic damages;

2.    For special, economic damages, harms and losses, including but not limited to loss of past and future earnings, wages, pensions, benefits and other out-of-pocket economic losses;

3.    For judgment against Defendant Rite Aid Corporation for treble damages sustained by Ms. Berkers pursuant to RCW 19.86, et. seq.;

4.    For an award of Plaintiff's reasonable attorney's fees and costs incurred herein pursuant to RCW 19.86.090, 49.46.090, 49.52.070, or as otherwise provided by law;

5.    For pre-judgment and post-judgment interest; and

6    For such other and further relief as the Court deems just and equitable.

DATED this 24th day of March, 2010.

EOWEN S. ROSENTRATER, WSBA No. 36744
Law Office of Eowen S. Rosentrater, PLLC
*Attorney for Plaintiff, Elizabeth Berkers*

COMPLAINT
PAGE 17

24

1    STATE OF WASHINGTON )

2                            :ss

     County of Spokane        )

3

4    ELIZABETH BERKERS, being first duly sworn upon oath, deposes and states:

5         That I am the Plaintiff in the above case; that I have read the foregoing COMPLAINT FOR
     DAMAGES, know the contents thereof and believe the same to be true to the best of my knowledge and

6    information.

7

8                                         _Elizabeth 2 Berkers_

9                                         ELIZABETH BERKERS

10   SUBSCRIBED AND SWORN to before me this _19_ day of March, 2010.

11

12                                         _Connie G Raul_

13                                         Notary Public for the State of Washington
                                           Residing at:  Spokane

14                                         My Commission expires:  _16 - 21 - 16_

15

16

17

18

19

20

21

22

23

24

25

26

     COMPLAINT
     PAGE 18

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
19 W. Pacific Ave.      P.O. Box 31522
Spokane, WA 99223-3025
(509) 868-5389 (T)
(509) 271-3432 (F)


25